***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction and is currently housed at Morrison Correctional Institution in Hoffman, North Carolina.
2. In March 1998, plaintiff was housed at Greene County Correctional Center. Plaintiff was assigned to work in the inmate library.
3. On March 11, 1998, a search of plaintiff's locker was conducted by correctional officers, including Officer Vickie Jarman. Items of property, many of which were considered contraband, were confiscated. The items taken from plaintiff's locker were placed in a bag and inventoried. The inventory was listed on the DC-160 Form, which was received as Defendants' Exhibit 1.
4. Several items on the list, such as books from the library, were not the property of plaintiff, but belonged to the prison unit. Many other items, including the mirror, and toenail clippers, were considered contraband.
5. The property inventory also included personal clothing, i.e. a sweatshirt, a broken radio, and batteries. Most of these items were listed in poor or fair condition. Inmates are not allowed to keep personal clothing, such as the sweatshirt, unless they have work assignments outside the prison. Inmates are not allowed to keep a personal radio unless the radio is in working order, and are not allowed to keep extra batteries or battery testers.
6. The officer in charge, Lt. Hollowell, went through the items to check for contraband. Items considered contraband were seized and were not returned to plaintiff. On or about April 3, 1998, many of the personal items taken were mailed, at plaintiff's request, to Mattie Hargrove at the address listed on the DC-160 Form completed on that same day and received as Defendant's Exhibit 3. These items included plaintiff's personal clothing, i.e. two sweatshirts, the broken radio, and a battery tester. The postage for mailing these items, $2.88 was to be taken from plaintiff's inmate trust account.
7. The evidence fails to show that Officer Jarman or Lt. Hollowell or any other correctional officer was negligent in conducting the search of plaintiff's locker or in disposing of items considered contraband. The officers acted intentionally and in accordance with the Department's policy.
8. The evidence fails to show that plaintiff has sustained any loss of personal property. The items which belonged to the library were unlawfully taken. The items of personal property, which were considered contraband, which plaintiff could not keep in prison, were mailed to the person whom plaintiff had designated at his request.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he incurred a loss of personal property on or about March 11, 1998 due to any negligence by Officer Jarman or Lt. Hollowell or any other employees of defendant. Therefore, plaintiff's claim must be denied pursuant to N.C. Gen. Stat. § 143-291et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER